COURT COPY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE ____SOUTHERN____ DISTRICT OF TEXAS
____GALVESTON____ DIVISION

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

United States Courts
Southern District of Texas
**FILED**

NOV – 8 2011

, Clerk of Court

Danny Richard Lane #1469696
_____
Plaintiff's name and ID Number
Wayne Scott Unit
6999 Retrieve Road, Angleton,Tx.
_____
Place of Confinement

CASE NO: _____
(Clerk will assign the number)

v.

CO III Officer Mr. Warren
Address or Whereabouts Unknown
_____
Defendant's name and address
Sgt. Bennie Juarez III, Scott Unit
6999 Retrieve Road, Angleton,Tx.77515
_____
Defendant's name and address
Assistant Warden Lee Williams
Address or Whereabouts Unknown
_____
Defendant's name and address
(DO NOT USE "ET AL.")

_____

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

**FILING FEE AND IN FORMA PAUPERIS**

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

**I.   PREVIOUS LAWSUITS:**

    A.  Have you filed any other lawsuits in the state or federal court relating to imprisonment? _____ YES __**XX**__ NO

    B.  If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: _____

        2.  Parties to previous lawsuit:
        Plaintiff(s): _____

        Defendant(s): _____

        3.  Court (If federal, name the district; if state, name the county) _____

        4.  Docket Number: _____

        5.  Name of judge to whom case was assigned: _____

        6.  Disposition: (Was the case dismissed, appealed, still pending?)

        _____

        7.  Approximate date of disposition: _____

**II. PLACE OF PRESENT CONFINEMENT:** <u>TDCJ-ID WAYNE SCOTT UNIT, ANGLETON, TEXAS</u>

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? __<u>XX</u>__   YES   ___   NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: <u>DANNY RICHARD LANE, TEXAS DEPARTMENT OF CRIMINAL</u>
   <u>JUSTICE, 6999 RETRIEVE ROAD, ANGLETON, TEXAS  77515</u>

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: <u>CO III Officer Mr. Warren (was @ Wayne Scott Unit in 2009)</u>
<u>Address and full name unknown (was Field Force Officer)</u>

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
<u>Deliberate Indifference to a Known Safety Risk</u>

Defendant #2: <u>Sgt. Bennie Juarez III, TDCJ Wayne Scott Unit</u>
<u>6999 Retrieve Road Angleton, Texas 77515</u>

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
<u>Deliberate Indifference to a Known Safety Risk</u>

Defendant #3: <u>Assistant Warden Lee Williams (was @ Wayne Scott Unit 2009)</u>
<u>Current Address Unknown</u>

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
<u>Failure to properly train subordinates & Gross Disregard Safety Others</u>

Defendant #4: _____

_____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

_____

Defendant #5: _____

_____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

_____

## V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how each defendant is involved.  You need not give any legal argument or cite any cases of statutes.  If you intent to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

SEE:ATTACHED

COURT COPY COMPLAINT

## VI.  RELIEF:  State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite not cases or statutes.

SEE:ATTACHED

COURT COPY COMPLAINT

## VII.  GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases:

NONE

B.  List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

1990 HARRIS COUNTY JAIL-PIA, 1993 TDCJ #663963, 2005 TDCJ #1321800

## VIII.  SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES   __X__ NO

B.  If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed.  (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (If federal, give district and division): _____

2.  Case Number: _____

3.  Approximate date sanctions were imposed: _____

4.  Have the sanctions been lifted or otherwise satisfied? _____ YES _____ NO

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES **X** NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that imposed warning (if federal, give the district and division): _____

    2. Case number: _____

    3. Approximate date warning were imposed: _____

Executed on: __11/3/2011__
      (Date)

*DANNY RICHARD LANE*
**DANNY RICHARD LANE, PRO-SE**
     (Printed Name)

(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assess by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this __3rd__ day of __November__, 20 __11__.
    (Day)        (Month)       (Year)

*DANNY RICHARD LANE*
**DANNY RICHARD LANE, PRO-SE**
     (Printed Name)

(Signature of Plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| Danny Richard Lane<br>TDCJ-ID #1469696<br>        Plaintiff<br><br>VS.<br><br><br>CO III Officer Mr. Warren:<br>Sgt. Bennie Juarez III and:<br>Asst. Warden Lee Williams:<br>        Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO._____<br><br>JURY DEMAND ENDORSED |

## ORIGINAL CIVIL RIGHTS COMPLAINT

COMES NOW, the Plaintiff, Danny Richard Lane, a state prisoner incarcerated within the Texas Department of Criminal Justice at Angleton and files this his civil rights complaint due to a physical lower back injury caused by the above named TDCJ-ID defendant's who caused plaintiff's permanent injury due to being deliberately indifferent to plaintiff's wellbeing by allowing a dangerous premises defect to exist and cause plaintiff's ongoing permanent injury.

Plaintiff brings federal civil rights violations under 42 U.S.C. §1983 as well as state law claims of which the defendant's are guilty of violating by causing extreme physical pain and suffering due to their gross disregard to Lane's safety.

CLAIMS BROUGHT BY PLAINTIFF

Plaintiff brings federal civil rights violations pursuant to 42 U.S.C. § 1983 for subjecting him to cruel and unusual punishment under the 8th Amendment to the United States Constitution. And under the 14th Amendment for depriving Lane of his right to be free from personal injury due to the defendant's recklessness.

Plaintiff further brings state law claims pursuant to the Texas Civil Practice & Remedies Code for personal injury due to a 'Premesis Defect' which has proximately caused plaintiff's permanent injury due to defendant's creating a dangerous area known to be commonly used by Prison Staff, UTMB Medical Personel as well as prison inmates and any visitor's from public who have lunch in inmate dining hall or Officers Dining Room (ODR).

Plaintiff contends that this Honorable Court has pendent jurisdiction to hear both claims.

Page 1

JURISDICTION AND VENUE

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 which authorizes federal courts to decide cases concerning federal questions, and by 28 U.S.C. § 1343(a) which authorizes federal court to hear actions brought under 42 U.S.C. § 1983. § 1983 affords a basis for any citizen to present a cognizable claim for relief against state actors if, as a result of state actions, the citizen has been deprived of any rights, privileges, or immunities secured by **United States Constitution** and/or by **United States Laws.**

Venue is proper in this Court for the Southern District of Texas within the Galveston Division, because these defendant's are Texas residents, as well as officers and employees of Texas, acting in their individual and official capacities and under color of state authority. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)(2) The **State Law Claims** are brought pursuant to 28 U.S.C. § 1367.

Plaintiff, Danny Richard Lane, at all times mentioned herein, is a state TDCJ-ID prison inmate confined to the Wayne Scott Unit. A facility owned and operated by the state in Brazoria County, Texas. The address is 6999 Retrieve Road Angleton, Texas 77515 where all incidents mentioned and described in this complaint occurred.

**CAPACITIES OF DEFENDANT'S:**

Defendant's are being sued in this civil rights case as follows: CO III Officer Mr. Warren, is being sued in his individual capacity as a Texas Department of Criminal Justice prison correctional officer.

Sgt. Bennie Juarez III, is being sued in his individual capacity as a Texas Department of Criminal Justice prison correctional officer.

Asst. Warden Lee Williams, is being sued in his individual capacity AND official capacity as the Assistant Warden of the Wayne Scott Unit of the Texas Dept. of Criminal Justice at the time of the incident described in this complaint. He is personally liable for not properly training his subordinates who have caused plaintiff's injury due to their deliberate indifference to a known dangerous safety premises defect and safety violation within the facility. Warden Williams is being sued in his official capacity which, is essentially a suit against TDCJ-ID itself. A suit due to plaintiff being injured due to a known premises defect which was known to exist ever since the Wayne Scott South End Kitchen Addition 1987 was built and construction defect could have been avoided without injury.

STATEMENT OF CLAIM

1.  Plaintiff's §1983 claim is based on the STATE CREATED DANGER 'THEORY'"DOCTRINE" . In conjunction with the premises defect tort. The complaint states under the state-created-danger-theory that; 1) The construction area hallway environment was dangerous; 2) The prison officials knew it was very dangerous area when wet with a liquid substance or with just a high humidity level  being just a few miles from Gulf of Mexico water, then this would create opportunity for the resulting harm to occur; 3) and, the prison officials were deliberately indifferent to plaintiff's (and all other individuals safety) because they deligated and approved of an unsafe construction site to continue to exist, knowing they could not control such an environment, they failed at a minimun to provide one of the most recognized, most important safety related item to warn/alert Staff, UTMB Medical Personel as well as Public Officials and Visitors who entered the area along with inmate's was an OSHA AP-PROVED DANGER WET FLOOR SIGN IN BOTH ENGLISH/SPANISH LANGUAGE AND WALL SIGNS WITH ANY AMOUNT OF SUFFICIANT LIGHTING FOR THE UNLIGHT-ED AREA on date of accident.

2. On November 8, 2009 at approximately 4:20am in the morning, the plaintiff was leaving the inmate chow hall from eating his break-fast meal. Sgt. B. Juarez who was at the time CO 5 status ranking, was in charge of directing and escorting inmate traffic through a hallway underpass corridor where there was no lighting system in place and near pitch black darkness, and area was known by staff as very dangerous when wet with any liquid due to the highly polished smooth surface of floor area. Upon entering the darkened area in line with many other inmates plaintiff's feet slipped in a very large pool of liquid with an odor of 'coffee' and plaintiff compl-etely up-ended in mid-air and fell extremly hard onto the floor, flat on his back banging his head against the solid concrete floor twisting his left ankle in the process. Note: Plaintiff is an elder-ly aged at the time of accident at 53yrs old, 6ft 5½inches tall with a body weight approximately 260lbs., that is to say that plaintiff's fall was extremly hard, and with a prior degenerative back condi-tion suffered a 'life-long' permanent injury to lower back area.

3. CO Juarez responded after eye-witness informed him of accident asking the plaintiff while laying in very large pool of a coffee, "are you OK?' . Plaintiff stopped moaning in pain and said "no I do need medical help". Plaintiff was extremely dizzy, disorintated,

Page 3

and was in extreme lower back pain as well as pain to the back of
head and left ankle. Plaintiff noticed while laying flat on the flo-
or that he was laying in a cold liquid that smelt of coffee. Plain-
tiff also observed several witnesses (have statements) and a kitchen
worker suggested that the "food carts" caused spill when brought thr-
ough en-route to feed the segrigation "D-Wing" in main hallway.

4. **Sgt. Stephens** who was working inside inmate chow hall dining area
arrived to accident location along with **UTMB Nurse Gregory**. Once a
initial screening of plaintiff's condition was assessed by nurse
Gregory, Sgt. Stephens then asked plaintiff "if he would be able to st-
and up" plaintiff then said "I think so" then Gregory and Sgt. Steph-
ens then helped plaintiff to slowly walk approximately 25ft to the
clinic entrance doorway.

5. Inside clinic Gregory then helped plaintiff sit onto a portable
bed/gurney to take vital signs. While doing this Gregory stated "I
saw the coffee on the floor on my way in this morning". Sgt. Stephens im-
mediately looked at Juarez standing next to him and Stephens faci-
al expression changed then saying "it wasn't there when I started fee-
ding breakfast" then without anyone saying anything Stephens did
say "but the food cart had not been taken through yet" Plaintiff then
realizing Stephens was not going to acknowledge how the coffee got
there. Stephens then told Juarez "do an accident report on it" and
left the clinic. **Note: During every meal the kitchen workers take two
(2) Meal Carts, one with foodstuffs, the other being a "beverage" Cart,
they often take the beverage cart ahead by itself then follow with food-
stuff cart they both have to be taken through the underpass corridor as
that is entry and exit path into kitchen building.** There is little doubt
in plaintiff's mind how the large spill of coffee occurred.

6. While Gregory performed physical examination plaintiff continuous-
ly, while holding his hand to the back of his head with an icepack,
complained of hitting his head hard, was dizzy, bad lower back pain
left ankle/foot pain. Plaintiff additionally complained that someth-
ing felt loose in ankle like a bone moving around with a popping
sensation, this still is occurring. Gregory then said "can you move
your foot around?" plaintiff then showed movement and without touch-
ing plaintiff's foot said "I don't think anything is broken". Juarez
then while still filling out accident report started smiling smir-
king in a cold manner then saying "I take that means nothing is wrong

with him". Then by Juarez writing it and saying it as he's writing plaintiff beleives this very same statement is on the accident report contrary to the facts of injury to plaintiff. Plaintiff then repeated the complaints of the injury to Juarez and he failed to acknowledge plaintiff any longer and left the clinic. Gregory then stepped over to a phone calling Dr. Victoria. Gregory then gave the vital signs over the phone then saying "what do you want me to do?" Plaintiff was not given any pain medication and told by Gregory he would be layed-in for the next day to see Dr. Victoria.

7. **Lt. Hone** the shift supervisor then entered clinic accompanied by **CO III Officer Mr. Warren,** a field force officer. Lt. Hone then asked plaintiff "are you alright?". Plaintiff then again repeated that his head hurts, and back hurts". Gregory then said "send him back to his house he will be layed in for Monday morning" November 9th. Plaintiff then standing feeling dizzy and unbalanced asked to be taken back in clinic wheelchair parked against the wall by security desk.This request was totally ignored by Gregory, Warren and Hone. Lt. Hone did then order Warren to take plaintiff back to his house. Plaintiff was then escorted out of the clinic forced to walk by himself.

8. **At** approximately 5:00am plaintiff was escorted outside the clinic some 20ft to the spot of fall then Warren stated "I told them guy's to clean that mess up, I guess they didn't do a very good job huh!" Plaintiff then said "not at all". Plaintiff was then slowly walked just some 20 ft more to the South end security crash-gate where he stopped then he pointed with his finger north plaintiff stepped through gate and Warren then walked back towards clinic leaving plaintiff to walk unassisted some 150ft down main hallway stopping at clothing issue for clean clean clothes then returning to housing area in great pain.

9. The following morning, Nov. 9th plaintiff awoke with a very large bump on the back of head and due to severe lower back pain required assistance of witness to fall was housed close to be able to sit-up on bed and restroom. No TDCJ-ID staff, UTMB Medical Personel or the unit safety cordinator to check on plaintiff's wellbeing possibly having a concussion. Plaintiff continued requiring the assistance of inmates in housing area for several days following fall. Plaintiff received no lay-in from medical for entire day.

10. When plaintiff was finally seen by Doctor Victoria on Nov. 10, 2009 plaintiff reported to Doctor that he was in severe pain when

Page 5

walking or standing due to injuring his back. The plaintiff inform-
ed Victoria that he had, many years ago in 1999, hurt himself while
working rupturing a disc in lower back. Plaintiff informed Victoria
that regular strength vicodine had been used for pain management at
that time. Victoria told the plaintiff UTMB does not authorize the
use of narcotics for pain management. Plaintiff told Victoria that
he was experiancing extreme spasms of pain in lower back from the
moment plaintiff awoke in morning until going to sleep at nite. The
plaintiff also complained of minor swelling in the injured ankle.
Plaintiff told Victoria that the ice-pack nurse Gregory had given
to plaintiff on morning of accident was instead used on the back of
head where plantiff had banged it against concrete. Plaintiff did
also tell Victoria that there was still a slight bump but area was
very tender to the touch. Victoria being most concerned with lower
back injury then ordered x-rays be taken of all effected areas that
plaintiff complained of. Victoria told plaintiff that he would be
layed-in when x-ray results came in. Victoria also prescribed 800mg
Ibuprofen for pain at evening pill-call.

11. Once Victoria received x-ray report of 11/16 plaintiff was lay-
ed-in on 11/25/09 to see Victoria. Plaintiff complained of lower
back pain spasms. Victoria told plaintiff that x-rays showed MARK-
ED NARROWING OF THE L4-L5-S1 as well as SOME TRANSITIONAL VERTEBRA
WITH DEGENERATIVE CHANGES IN THE LOWER LUMBAR SPINE. Victoria also
told plaintiff that with his age and overweight condition that the
last thing that plaintiff needed was to slip and fall on that bad
spot outside the clinic door. It was at that moment plaintiff then
realized that combined with total darkness and slippery nature of
concrete that conditions possibly existed for a long period of time
as Victoria was aware of dangerous area of walkway corridor. Plain-
tiff told Victoria that medication was not working at all for reli-
ef of pain. Victoria told plaintiff that a drug called "nortripty-
line" was being used with good results from many inmates suffering
from cronic back pain. Victoria told plaintiff that he would start
him on 50mg to see if level of pain decreased. Victoria told plain-
tiff that nortriptyline blocked the lower back pain transmitters in
nerves from reaching the brain and was working well for management
of pain in others. Plaintiff agreed to try medication and would go
to pill-call to pick it up that evening.

Page 6

STATEMENT OF CLAIM

**12.** Plaintiff was again layed-in on 12/08/2009 as lower back pain spasms continued. Plaintiff told Victoria that he was still having bad lower back pain, though having some relief in pain intensity as nortriptyline relief seemed better than regular strength vicodine in 1999. Plaintiff told Victoria pain was still intense if standing for prolonged period like pill-call line. Victoria told plaintiff that he was increasing dosage of nortriptyline to 75mg.

**13. Assistant Warden Lee Williams** responded to plaintiff's Step 1 Grievance #2010042454 of November 9,2009. Williams was responsible for keeping the Wayne Scott Unit current on building code compliance as well as having subordinate staff members properly trained in safety related issues of prison operations. Williams failed in the compliance of building code in not having sufficient lighting for walkway corridor. Williams failed to properly train staff and supervisors about displaying the Occupational Safety and Health Administration (OSHA) DANGER WET FLOOR WARNING SIGNS WHICH IS STATE AND FEDERAL LAW MANDATORY REQUIREMENT when there exists a dangerous area when there is a possibility of serious bodily injury. Had the plaintiff known there was any type of liquid substance on the floor when leaving the chow hall, plaintiff could have avoided the fall had there been any lighting where there was none as well as missing wet floor signs. Plaintiff had NO KNOWLEDGE OF DANGEROUS PREMISES DEFECT. Plaintiff DID KNOW THAT THERE WAS NO SUBSTANCE ON FLOOR GOING INTO CHOW HALL UNDER DIRECTION OF STAFF.

**14.** Neither officer, CO Warren or CO Juarez, took it upon themselves to have the spilt coffee CLEANED UP BEFORE ALLOWING ANY TRAFFIC THROUGH DANGEROUS AREA OF WALKWAY CORRIDOR. The darkness blinded inmates were directed into the spill when each officer personally knew about the spill, but deliberately failed to ENSURE that spill was completely cleaned prior to inmates entering the area. that RECKLESS DISREGARD and GROSS NEGLIGENCE summing up to DELIBERATE INDIFERANCE to a known safety violation, which has resulted in serious bodily injury to plaintiff's lower back. Plaintiff is now permanently forced to suffer with daily pain, and plaintiff's lifelong ordinary mobility is permanently hampered.

**PLAINTIFF'S PERMANENT INJURY AND ONGOING PAIN AND SUFFERING**

As the plaintiff's medical records will show, plaintiff has suffered immensely, he has and is suffering daily combined with his old

back injury in lower back area. Plaintiff has given the UTMB Correctional Managed He-
alth Care approximately 24 months to try and help him with pain he
suffers from on a daily basis. UTMB Doctors refuse to run necessa-
ry test (MRI) and try and help plaintiff with pain and  suffering.
One UTMB Doctor, a physician's assistant, **Max McCasland**, went so far
as to circumvent Doctor Victoria's addition of medical restriction
of 11/10/2009 to add a **"Do Not Assign to Medical"** on 2/1/2011. Plain-
tiff has been forced to accept an alternative medication nortripty-
line, a psychotropic drug, instead of proper narcotic pain killers
such as vicodine that plaintiff used in 1999 after accident. Noth-
ing does work completely to remove plaintiff's pain and suffering
that he is now forced to live with on a daily basis. Plaintiff can
no longer stand for any length of time for his normal daily activi-
ties such as standing in line for meals, plaintiff suffers while do-
ing it or has to do without his meals on some of his bad days. The
plaintiff suffers daily while standing for prolonged period of time
while at pill-call lines 30 or 40 inmates deep. Plaintiff no longer
goes outside for fresh air and exercise as he once did, or stand
and watch birds sing with beautiful skies and sunshine.

Plaintiff must now have help anytime he has to move his person-
al property including a four wheel push cart. Plaintiff no  longer
performs the most simple of tasks such as putting his medical boots
on and tying the shoe laces. Plaintiff suffers extreme pain in the
mornings when he has to upright himself and put his pants, socks on.

Plaintiff's many medical restrictions and  condition  prevents
the plaintiff from having anything close to a normal daily routine
of any kind. Plaintiff's medical restrictions include:

1. Ground Floor Housing Assignments Only.
2. Lower Bunk Assignments Only.
3. No Walking Over a Designated Number of Feet.
4. No Lifting Over 30lbs Weight.
5. No Bending at Waist.
6. No Climbing of Any Kind.

**PLAINTIFF IS FORCED TO LIVE WITH THE INJURY FOR LIFE**

When the plaintiff is given parole, he will now be made to re-
enter society not as he left it, being able to be employed in the
construction trade performing manual labor jobs as he has for his
entire life. Plaintiff now has a life-long injury that will restr-

ict his daily activities and enjoyment of home-life with family as well as friends as he once knew it. Plaintiff is now a disabled citizen, but, it was not something he is guilty of doing himself, he is under the care and control of others falling into a trap of irresponsibility and carelessness for the wellbeing and safety of him as well as others. This fact has 'and still is' causing plaintiff daily pain and suffering.

## LIABILITY OF DEFENDANT'S

Each defendant named in this complaint is personally liable for the injury plaintiff has suffered. Each defendant had personal knowledge of the dangerous condition 'and premises defect' of spilt coffee in a unlighted and darkened hallway corridor. Warden Williams is responsible due to their not being any lighting system in place at time of accident which made the area even more of a threat to the safety of all people coming through the heavily traveled corridor including prison staff, medical personel and public officials visiting the unit. It just so happened that the morning the plaintiff chose to go eat breakfast it was the plaintiff who encountered this deadly fall and not an employee.

## PRAYER FOR RELIEF --- REQUESTED DAMAGES:

Plaintiff prays that this Honorable Court declare that each defendant has violated plaintiff's **8th Amendment** right to the **United States Constitution** by failing to repair and clean up 'a premises defect' which is the proximate cause for plaintiff's continue pain and suffering with a 'permanent back spinal injury'. And that Warden Williams is directly liable for there being no lighting in the area at time of accident. Declare that these conditions were allowed to exist for many years injuring many ususpecting person's who came into the area under dangerous conditions existing at the time. Declare that such actions and omissions constitute deliberate indifference to the safety and health of plaintiff. Which, is a 'state created danger'. Declare as well that the premises defect caused permanent bodily injury to plaintiff's lower spine.

**WHEREFORE,** plaintiff requests that he be awarded the following damages as a basis for relief in this civil action;

A. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

1. $50,000 jointly and severally against defendant's Warren and Juarez, for the physical suffering and emotional distress due to their failure to remove a premises defect. Which is the reason for the plaintiff's life-long permanent injury.

Page  9

COMPENSATORY DAMAGES CONTINUED:

2. $100,000 against defendant Lee Williams, for physical and emotional injuries sustained as a result of defendant's failure to provide adequat lighting and proper training to staff in use of wet floor warning signs, which is the reason for plaintiff's permanent life-long injuries.

B. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

1. $25,000 jointly and severally against defendant's Warren and Juarez, for their Reckless Disregard to the Safety of Others.

2. $50,000 against Warden Lee Williams, who is responsible for it all due to his poor management and lack of safety training to subordinates and others.

C. AWARD CONTINUING DAMAGES TO PLAINTIFF'S LIF-LONG INJURY IN  THE FOLLOWING AMOUNTS:

Plaintiff seeks continued damages against the Texas Department of Criminal Justice due to its employees causing him a life-long injury which will require plaintiff to seek life-long medical attention including pain medications for the pain and suffering that was caused by the defendant's.  Plaintiff seeks the following damages to help him upon his forth-comming release from the Texas Department of Criminal Justice when he will need for financial assistance to pay for medical fees  for physical therapy and or an back operation to treat injuries received to his lower spine.

AWARD CONTINUING DAMAGES IN THE FOLLOWING AMOUNT

Monthly checks paid by TDCJ in the amount of $10,000 to  assist plaintiff with the many medical fees that will be imputed against plaintiff for medical attention by Doctors and medications associated with his spinal injuries.

D. 1. Plaintiff seeks to have court costs reimbursed for filing this suit.

E. 1. Plaintiff seeks attorney fees in accordance of statutory law **42 U.S.C. § 1988 and § 1997.**

F. 1. Plaintiff requests for the Appointment of Counsel due to the complexity of this Medical Related Litigation. Plaintiff is not a Doctor nor a Lawyer and will not be capable to defend himself against State Medical Experts that will be brought in by TDCJ/UTMB.

G. Plaintiff seeks any other relief this Honorable Court deems appropriate for injuries suffered by the plaintiff in this action.

**WHEREFORE,** PLAINTIFF PRAYS THAT THE ABOVE AND FOREGOING RELIEF BE GRANTED IN ITS ENTIRETY AS JUSTICE IN THIS COURT SO ENTITLES.

EXECUTED ON THIS _3rd_ DAY
OF NOVEMBER 2011.

Respectfully Submitted,

Danny Richard Lane, pro-se
Wayne Scott Unit, B-1-3
6999 Retrieve Road
Angleton, Texas  77515

### DECLARATION OF MAILING

I, Danny Richard Lane, the plaintiff proceeding pro-se, hereby do declare that this civil rights complaint pursuant to 42 U.S.C. § 1983 has been deposited in the TDCJ-ID's Wayne Scott Unit internal prison mail-system 'with pre-paid United States Postage' on the _3rd_ day of November the year 2011. Pursuant to 28 U.S.C. §1746 under penalty of perjury to the United States Southern District Court in Galveston Island, Texas.

Respectfully Submitted,

*Danny Richard Lane*

Danny Richard Lane,prose
Wayne Scott Unit,B-1-3B
6999 Retrieve Road
Angleton, Texas  77515

CAUSE NO. _____

## DECLARATION OF INABILITY TO PAY COURT COST

Plaintiff Danny Richard Lane, proceeding pro-se in his own be-half, submits this declaration in support of his application to pro-ceed informa pauperis in this above stated cause number of civil rights action.

The form attached is completed in its entirety in accordance with the Federal Law Standard [WITH] a current (6) month inmates trust fund account print-out from plaintiff's unit Wayne Scott at Angleton, Texas.

Plaintiff understands that he will be required to pay an initi-al partial filing fee in this cause, he will be awaiting on courts screening and what the amount will be from the Honorable Court.

Respectfully Submitted,

Danny Richard Lane, prose
TDCJ-ID #1469696
6999 Retrieve Road
Angleton, Texas  77515

PAGE 1 of 1

## VERIFICATION OF OFFENDER CAUSE NUMBER AND COURT DEADLINE
### FOR SUBSEQUENT STORAGE CONTAINER REVIEW

An offender <u>expressing that he is a party</u> to current on-going litigation, shall be required to complete the following.

SECTION 1: OFFENDER INFORMATION
(USE SEPERATE E-FORM FOR EACH CAUSE NUMBER SUBMITTED)

OFFENDER NAME: *Danny Richard Lane*

UNIT NAME: *Wayne Scott Unit*

TDCJ # *146,96,96*     CAUSE # _____

APPELLATE CAUSE # *N/A*

CASE STYLE (Ruiz vs. Estelle): *Lane vs. Warren*

CRIMINAL/CIVIL (Is this a Criminal or Civil Case): *Civil Rights*

DISTRICT COURT: *Southern District of Texas*

DIVISION COURT: *Galveston Division*

FEDERAL/STATE (Is this a Federal or State Case): *Federal*

TELEPHONE NUMBER: _____

SECTION II:
If this verify is for Certified Mail, the following information must be completed.
1. Did you file this action "Informa Pauperis" or with "Inability to pay affidavit"
2. Dose this involve a lawsuit currently in a state trial court? *No*
3. Answer yes or no, is this:
   *No* ____ A motion or a response to a motion?
   *No* ____ An amended or supplemental pleading, complaint or petition?
   *No* ____ A response to or answer to a motion?
   *No* ____ A response to an original, amended, or supplemental pleading, complaint or petition?
4. List parties and/or attorney's names requiring certified mail: *N/A*
_____
_____

SECTION III:
If this verify is for correspondence, this section must be completed: All co-parties to the above styled cause must be listed. *Lane vs. Warren, Sgt. Bennie Juarez III and Assistant Warden Lee Williams.*
_____

SECTION IV:
OFFENDER COMMENTS/ADDITIONAL APPLICABLE INFORMATION
_____
_____

PRINTED NAME: *Danny Richard Lane*

SIGNATURE: *Danny Richard Lane*   DATE: *11-3-2011*

ATCP-03

```
Danny Richard Lane              §
TCDJ-ID # 1469696               §
              Plaintiff         §
                                §
VS.                             §        CIVIL ACTION NO. _____
                                §
                                §
CO III Officer Mr. Warren:      §
Sgt. Bennie Juarez III and:     §
Asst. Warden Lee Williams.      §
              Defendants        §
```

## EXHAUSTION OF ADMINISTRATION REMEDIES

COMES NOW, the Plaintiff, Danny Richard Lane, a state prisoner incarcerated within the Texas Department of Criminal Justice at Angleton and files this notice of Exhaustion of Administration Remedies pursuant to 42 U.S.C. § 1997 e, is hereby cited to be in compliance with the **Prison Litigation Reform Act of 1996**. The following listed dates of exhausted remedies and attached original grievance are:

1. GRIEVANCE #2010042454.    Date Filed Step:  11/09/2009
                             Date Returned:    02/12/2010

2. GRIEVANCE #2010050655.    Date Filed Step   11/23/2009
                             Date Returned:    12/07/2009


## INMATE DECLARATION

I, Danny Richard Lane, an inmate incarcerated within the Texas Department of Criminal Justice's Wayne Scott Unit declare under a penalty of perjury that the attached administration grievances are the returned originals and are true and correct on this _3rd_ day of _November_ , 2011.


Respectfully Submitted,

_Danny R Lane_

Danny Richard Lane,**pro-se**
**Wayne Scott Unit,B-1-3**
**6999 Retrieve Road**
**Angleton, Texas 77515**

FEB 23 2010



**Texas Department of Criminal Justice**

# STEP 2 OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 201 0043454 |
| UGI Recd Date: | DEC 0 7 2009 |
| HQ Recd Date: | DEC 1 0 2009 |
| Date Due: | 1-11 |
| Grievance Code: | 623, 815 |
| Investigator ID #: | 510 |
| Extension Date: | 02-15 |

Offender Name: __Danny Richard Lane__    TDCJ # __1469696__

Unit: __Wayne Scott Unit__ Housing Assignment: __3-29__

Unit where incident occurred: __Scott Dining Hall Entrance/Exit__

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be specific).** *I am dissatisfied with the response at Step 1 because…*

As noted by reading Step 1 accident related complaint of November 9, 2009 I attempted to address the primary issue of the failure of CO Juarez and shift (3rd) Sgt. Stevens to have a warning sign posted in a pedestrian high traffic area of the Wayne Scott Unit. In assistant Warden Williams answer, which in itself was flippant, failed to properly address the failures of Unit Staff as well as investigate any witness statements or Unit Medical Staff of UTMB who upon her arrival to work at Scott Unit Infirmary (duty nurse) on the morning of November 9th, did make statement in presence of Sgt. Stevens, CO Juarez and myself " I saw the coffee on the floor on my way in " (she apparently arrived while I was eating my breakfast sometime around 4:15 on 11/8/2009) Any type of a thorough investigation by assistant Warden Williams would have revealed that Sgt. Stevens who I might also mention was **inside of dining hall** when both the spill and accidental fall occurred, which I also will mention was witnessed by several offenders, to continue Sgt. Stevens statement of " Well it wasn't there when we started running chow " was in itself contrary to the facts of case. I do state that the investigation itself was unsatisfactory in that it shows a **blat**ant disregard towards the safety of Staff and Offenders alike. The primary purpose of the Step 1 was to "preserve memory of facts relevant to accident " CO Juarez conduct while in Scott Infirmary writing accident report while he was laughing to himself immediately following accident and then on 11/9/2009 while eating meal in same dining hall CO Juarez and Sgt. Stevens while they

I-128 Front (Revised 9-1-2007)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

**Appendix G**

did observe me walking with obvious difficulty and grimacing with pain, shift
Sgt. Stevens then stated while in the presence of general population at dining
hall then stated speaking loudly said "your personel safety is our primary con-
cern and they both started laughing outloud" When this did occur it was then
coupled with the assistant wardens flippant response with no investigation of
any witnesses whatsoever is when I did decide to pursue resolution through the
Grievance process. The Step 1 has failed to properly acknowledge or address the
primary complaint of this grievance which is the failure to display a warning
sign when other Staff Members than Sgt. Stevens became aware of hazzard. Also
recognizing improper behavior of Staff following incident.

**Offender Signature:** _Sammy R Lane_                    **Date:** _12/4/09 @ 7PM_

**Grievance Response:**

This office reviewed the issues presented in your grievance. Your medical concern was referred to the Office of Professional Standards.
The Office of Professional Standards stated the grievance was reviewed regarding your complaint of falling on November 8, 2009 (felt
pain to head, lower back and left ankle) and as of November 9, 2009, had not been laid in for the doctor. A review of the Electronic
Medical Record (EMR) reflects you were evaluated by the nurse on November 8, 2009 regarding your complaint of a fall. The nurse
notified Dr. Victoria and verbal orders were given for your treatment. You were to see the provider on November 9, 2009 for a follow-up
appointment but there is no indication you were seen on November 9, 2009. Documentation does reflect you were evaluated by Dr.
Victoria on November 10, 2009, Ibuprofen was prescribed with two refills and x-rays (lumbar spine and ankle) were ordered. Further
review of the clinic notes reflects you were evaluated by Dr. Victoria on November 25, 2009 and prescribed medications (Methocarbamol
and Nortriptyline). You may wish to submit a Sick Call Request to the unit medical department staff if you feel your current medical
conditions warrants further evaluation. In order to expedite resolution of medical complaints, you are encouraged to utilize the unit's
medical complaints process by contacting the unit medical complaints coordinator before filing a grievance. Your security staff complaint
was referred to the Region 3 Grievance Office. Region 3 stated that an investigation revealed insufficient evidence to sustain your
claims. No action warranted. KC-D

**Signature Authority:** _Cheryl Lawson_       **C. Lawson**   **Date:** FEB 1 2 2010

**Returned because:**      ***Resubmit this form when corrections are made.**

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible. ***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments. ***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate. ***

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
| --- | --- |
| **Initial Submission** | **CGO Initials:**_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one)____ Screened | ____Improperly Submitted |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **2ⁿᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one)____ Screened | ____Improperly Submitted |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **3ʳᵈ Submission** | **CGO Initials:**_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one)____ Screened | ____Improperly Submitted |
| Comments:_____ | |
| Date Returned to Offender:_____ | |

CC: FILED 12/4/2009

**I-128 Back** (Revised 9-1-2007)                    **Appendix G**

SPECIAL HEALTH CARE COMPLAINT



# Texas Department of Criminal Justice

## STEP 1   OFFENDER GRIEVANCE FORM

**ATTENTION OF: MORRIS, AA**

**Offender Name:** Danny Richard Lane   **TDCJ #** 1469696

**Unit:** _____ Scott _____ **Housing Assignment:** 3-10

**Unit where incident occurred:** Scott Unit Infirmary UTMB

| OFFICE USE ONLY |
| --- |
| Grievance #: 2010056655 |
| Date Received: NOV 2 3 2009 |
| Date Due: 1/2/2010 |
| Grievance Code: 623 |
| Investigator ID #: I1542 |
| Extension Date: |
| Date Retd to Offender: DEC 2 3 2009 |

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? No normal operations on weekends,dutyR/N When? 4:30am,11/8/09

What was their response? Took vital signs and telephoned Dr. Victoria with results & instructions

What action was taken? Was present when Telephone instructions were given to duty nurse.

**State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.**

On 11/8/09 @ 4:30am I, after experiancing an accidental fall on a wet surface was walked into the Scott Unit Infirmary operated by the University of Texas Medical Branch. When brought in the duty nurse stated right away "I saw the coffee on the floor on my way in to the infirmary".(CO Juarez was present beside me when nurse stated facts about spill)and began to ask a few basic questions while checking my vital signs. I informed nurse that I hit my head hard unto floor and that my back as well as left ankle hurt. She had me to rotate my left foot to check for fracture and I informed her then that "I can feel some-thing popping inside my ankle". She then stated that she did not believe that anything was broken and then called Dr. Victoria on the telephone, gave him my vital signs saying "what do you want me to do"? then repeating his instructions, "you want me to lay him in for in the morning"?( CO Juarez then in the process of writing an accident report stated "I take it that means that nothing is wrong with him" then he began to smile like he wanted to start laughing.) I immediately thought how callous showing no sympathy for an injured person.  I then spoke to CO Juarez saying "my back hurts, my head hurts and so does my ankl CO Juarez continued to write his accident report without speaking. The duty nurse then told CO Warren who entered infirmary to "send him back to his house and he will be layed in Monday morning. I was not layed-in for Infirmary Monday as told, then on 11/9 @ 2:15pm I was called out without pass to infirmary. Upon arrival to Infirmary CO Miller ask for my name & number then at front desk with several offenders in waiting area listened as some questions asked by doctor over the phone such as "what is wrong with you" I then said."I am having really bad headache, dizzyness, severe lower back spasms of pain and left ankle

**I-127 Front** (Revised 9-1-2007)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

SPECIAL ACCIDENT RELATED COMPLAINT



# Texas Department of Criminal Justice

# STEP 1

## OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
| --- |
| Grievance #: 2010042454 |
| Date Received: NOV 0 9 2009 |
| Date Due: 12/19/2009 |
| Grievance Code: 623, 815 |
| Investigator ID #: I0969 |
| Extension Date: |
| Date Retd to Offender: NOV 19 2009 |

**Offender Name:** Danny Richard Lane    **TDCJ #** 1469696

**Unit:** Wayne Scott Unit **Housing Assignment:** 3-10

**Unit where incident occurred:** Wayne Scott Dining Hall Exit Area

---

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? Spoke with Sgt. Stevens    When? 4:40 @ Infirmary

What was their response? Made statement contrary to "Duty Nurse" about spill on floor

What action was taken? Was escorted into infirmary by Sgt. Stevens and CO Juarez

**State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.**

On the morning of November 8th, 2009 @ 4:30am, while exiting the offender dining hall area under the supervision of CO Juarez and was directed by said staff to leave the area. There was no "Warning Sign" in area to warn pedestrian traffic of "Liquid Spill" on the floor, of which I did step directly into puddle of spilled coffee or Tea. My left foot folded sideways and both feet did come out from under me very fast as I nearly totally upended with my head impacting the floor very hard and landing flat on my back. I did immediately feel extreme pain to my head, lower back and left ankle. Instantly offender Henry Lee summond help from staff while another offender with a green band on wrist did ask me if I was going to be alright and told me to be still as I anguised in pain. I was taken into infirmary after being questioned by responding Staff members and instructed by nurse on duty to "get on a gurney so my vitals could be checked". The nurse then stated "I saw the coffee on the floor on my way in" Sgt.Stevens then responded "Well it wasn't there when we started running chow" The nurse then asked "Did you hear anytning pop"? I informed her that "I felt something in my ankle pop" she then stated "lift your pants leg up so I can see" then stated I don't see no swelling 'move your foot around" I then said "It hurts"and so does my back" The nurse then called Dr. Victoria and said "We had one go down" then she stated his vital's are normal what do you want me to do"? Then said "You want me to lay him in' in the morning" CO Warren then arrives followed by Lt. Hone who approached me saying "Are you alright" I told him my head hurts as well as back" He then said to CO Warren "Escort this man back" and left. I then said"my ankle and back hurts as well as head!" can you take me in a wheelchair, I'm dizzy"! The CO Warren then

I-127 Front (Revised 9-1-2007)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

was hurting" I then asked CO Miller "who are you talking to on the phone"? CO Miller then said "this is Dr. Victoria" I then protested because all offenders in waiting area were being allowed to listen to my personel medical related information and then was told to go back to dorm and the doctor will see you tomorrow. I was then called out without layin on 11/10 @ 9:00am and finally seen by Dr Victoria @ 9:30 some 52 1/2hrs after accident an after numerous complaints about severe pain was not given any relief from pain with the Ibuprofin the doctor told me to take. I am still experiancing the severe lower back pain and a loose bone or tendon that is popping with movement and hurting. I feel like I have been treated different by not receiving prompt attention from UTMB Doctor Victoria.

**Action Requested to resolve your Complaint.**                       NOV 2 3 2009
That the injuries be treated promptly with examination of problem in "loose bone or the tendon" in left ankle as well as being prescribed something for the relief of severe low back pain as Ibuprofin is providing no relief whatsoever. This complaint is made because of the extreme amount of time elapsed of 52hrs before seeing the unit doctor aft accident

**Offender Signature:** _Danny R Lane_                    **Date:** _11/22/09_

**Grievance Response:**

Offender Lane:  You were seen on 11/08/09 in the medical department by nursing.  Your vital signs were taken and the M.D. was called.  You were told you would see Dr. Victoria the next day 11/9/09.  The medical department apologizes for not calling you down on the 9th.  The clinic appointments for Monday are laid in on Friday before.  You were seen on 11/10/09 by Dr. Victoria. He assessed you and ordered xrays.  There were no broken bones in your ankle.  The back xrays showed degenerative changes in the lower lumbar spine.  If your condition worsens please put in another sick call request to medical.  Issue closed.

**Signature Authority:** _W. B. McWhorter, CPM_   **Date:** _12/7/09_

If you are dissatisfied with the Step 1 response you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

---

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Signature:** _____

I-127 Back (Revised 9-1-2007)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission          UGI Initials: _____ | |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission          UGI Initials: _____ | |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission          UGI Initials: _____ | |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

**Appendix F**

CC:FILED 11/22/2009

said as we exited at 5:00am " I told them guys to clean up that mess, I guess they didn't do a very good job huh" I said"not at all" They then directed me to walk back to three dorm unescorted pointing down the hall. I feel like this whole incident could have been avoided by display of a OSHA Required Warning Sign until the spill could be cleaned up.

May it also be noted that once I returned to the dorm a large bump appeared which was seen by other offenders. No TDCJ Staff or Unit Medical Personell came by to check on my personel well being or condition for the entire day of incident, This I feel has been treating me diliberately indiferent disregarding my serious medical needs in no observation of my condition which includes a mild concussion. As of 11/9

**Action Requested to resolve your Complaint.** MONDAY I HAVE NOT BEEN LAYED IN FOR DOCTOR. Improve unit safety training for both TDCJ Staff as well as Support Service Inmate or SSI Training as to avoid these kinds of pre-ventable accidents which could have been avoided NOV 0 9 2009

**Offender Signature:** Danny R Lane          **Date:** 11/09/2009

**Grievance Response:**

> Your complaint has been investigated.  Based on available information, you were given immediate medical attention, and you were noted with no visible signs of injury.  Staff and Offenders are trained to report and handle all hazards when they arise.  The staff involved in this incident state that the spill was not there when they had walked through the area.  No policy violations noted.
> No action.

NOV 1 9 2009

**Signature Authority:** Lee Williams, A.W.   **LEE WILLIAMS, III** **Date:** 11/19/09

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:    *Resubmit this form when corrections are made.**
- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Signature:** _____
**I-127 Back** (Revised 9-1-2007)

**OFFICE USE ONLY**

Initial Submission          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
**2nd Submission**          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
**3rd Submission**          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

**Appendix F**

**CC:FILED**